John White, Esq., SB #1741  
335 West First Street  
Reno, NV 89503  
775-322-8000  
john@whitelawchartered.com  
Attorney for Debtor, Double U Livestock, LLC

E-filed: October 12, 2011

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

In re:

DOUBLE U LIVESTOCK, LLC,

Debtor.

_____/

CASE NO.: BK-N-11-52345

Chapter 12

REPLY IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY ROBERT R. FLETCHER AS CHAPTER 12 PLAN CONSULTANT

Hearing Date: October 26, 2011  
Hearing Time: 10:00 a.m.

**FACTS:**

James and Carlene West, husband and wife, own the Sweetwater Ranch (herein "Sweetwater") and, along with their two sons and their sons' wives, own the Debtor. Debtor's main asset is the nearby Double U ranch (herein "Double U"). Sweetwater was reorganized in this Court under Chapter 12 (Case No. BK 10-54234-gwz). Sweetwater's consensual plan was confirmed on July 13, 2011. Applicant ("Fletcher") was employed as a consultant in the Sweetwater case. His employment was approved by the court. (West/ Sweetwater Docket 81).

The Double U is the much larger ranch, and is at a higher altitude. It owns sheep, equipment, BLM grazing permits and water. It owns no cattle. The smaller Sweetwater ranch owns pasture, alfafa crops, a lambing camp, BLM grazing permits, equipment and water. It does

1

not own any sheep or cattle. In the spring of 2009, the Double U lost some 1800 lambs and 300 ewes to severe weather and lack of feed. See Declaration of Wade West, filed herewith.

The Sweetwater plan, a copy of which is attached hereto as Exhibit A, as well as the complementary plan in this Case[1], details what amounts to a joint venture among these two adjacent family owned ranches, this venture being designed to prevent further such disasters. Pursuant to these plans, Sweetwater acts to supply the Double U with hay, pasture land, and a lambing area and the Double U buys that hay at a $25 per ton discount, pastures its sheep, and lambs its ewes on Sweetwater property. In addition, the two ranches share expensive equipment (primarily, Sweetwater's backhoe and Double U's hay harvest equipment). As to the sheep operation, the plans are complementary, each plan describing the obligations of both ranches and each plan being consented to by the family member owners of both ranches. In this regard, these plans simply reflect the reality of the manner that both ranches must operate in order for either to survive. They have no other choice. See Declaration of Wade West, filed herewith.

The facts show that Mr. Fletcher is not a creditor of the Debtor, having waived any fees due. See Mr. Fletcher's Supplemental Declaration, filed herewith. And, as seen below, he is disinterested.

**ISSUES:**

Is Bob Fletcher authorized to represent Debtor as its professional ranch consultant?

If not, may Debtor nonetheless hire Bob Fletcher to advise it as a non-professional?

**DISCUSSION:**

First Issue

---

[1]Debtor's Plan is due on October 19, prior to the hearing of this Application (11 USC 1221). A rough draft of the Double U Plan as it now exists is attached as Exhibit 1 to the Declaration of Wade West, filed herewith. Debtor expects to amend it in minor regards and add certain required information prior to filing it as its Chapter 12 Plan.

(a) (Conflict/disinterestedness).

As above, Mr. Fletcher is not a creditor of the Debtor. Assuming arguendo that he is creditor of the companion debtor, Sweetwater, and that Sweetwater is a creditor of the Debtor, he is still not disqualified as there is no actual conflict of interest. 11 USC 327(c) provides:

> In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's <u>employment by or representation of a creditor,</u> unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment <u>if there is an actual conflict of interest.</u>

(Emphasis added)

Concerning the question of whether Mr. Fletcher has an actual conflict, it is difficult to conjure up any hypothetical where such would be the case. What interest would he have in preferring one of the sheep joint venturers over another? For all intents and purposes, it is the sheeping operation joint venture that he has been representing.

The Objection exalts form over substance.

Further, it is unlikely that Mr. Fletcher is a creditor of Sweetwater. 11 USC 101(10) defines a creditor as one who "has a [pre-petition] claim" against the debtor. And 11 USC 101(5) defines "claim" to mean one who has a "right to payment, whether or not such right is ...contingent, ...unmatured, [or] equitable..." Mr. Fletcher has not filed a fee application in the Sweetwater case, nor has he filed a claim in that or this case. Nor did this debtor (Double U) file a claim in the Sweetwater case. Nor did Sweetwater (or Jim or Carlene West) file a claim in the instant case. Mr. Fletcher cannot become a creditor of Sweetwater unless he files a fee application which this court approves. Until he does so, his status as a creditor of Sweetwater, if one at all, is de minimus, at best.

And Mr. Fletcher is otherwise disinterested. The most relevant portions of 11 USC

3

101(14) defines "disinterested person") as follows (summarizing):

*Cannot be a creditor, an equity security holder, or an insider.* (Mr. Fletcher was not)

*Is not and was not, during the 2 prepetion years, an officer, director or employee of the Debtor.* (Mr. Fletcher was not)

*Does not have an interest materially adverse to the estate, or any class of creditor or equity security holder, based on relationship or contacts with the debtor.* (Mr. Fletcher did not)

As was stated in *In re BH & P Inc*, 949 F.2d 1300, 1315 (3rd Cir, 1991)

The case law generated in connection with multiple representation of related bankruptcy estates establishes that courts have generally declined to formulate bright-line rules concerning the criteria for disqualification but have favored instead an approach which gives the bankruptcy court discretion to evaluate each case on its facts, taking all circumstances into account. See, e.g., In re International Oil Company, 427 F.2d 186, 187 (2d Cir.1970) (record which showed existence of intercompany claims was not "sufficient to saddle ... estates [of four affiliated corporations] with the expense of separate ... trustees' attorneys at the present time"); In re Star Broadcasting, 81 B.R. 835, 844 (Bankr.D.N.J.1988) (invariably requiring different counsel in related Chapter 11 proceedings would be unreasonable and unnecessarily cumbersome; whether a disqualifying conflict exists must be considered in light of the particular facts of each case); In re Roberts, 75 B.R. 402, 405-06 (D.Utah 1987) (since interdebtor claims were neither disputed nor priority claims, simultaneous representation of the debtor was not a conflict per se); In re N.S. Garrott & Sons, 63 B.R. 189, 192 (Bankr.E.D.Ark.1986) ("attorneys may have conflicts which are technical and nondisqualifying"); In re Hoffman, 53 B.R. 564, 566 (Bankr.W.D.Ark. 1985) ("Whether ... an actual disqualifying conflict exists must be considered in light of the particular facts of each case."); In re Guy Apple Masonry Contractor, Inc., 45 B.R. 160, 166 (Bankr.D.Ariz.1984) ("question is not whether a conflict exists but whether that conflict is materially adverse to the estate, creditors, or equity security holders"); In re Global Marine, Inc., 108 B.R. 998, 1004 (Bankr.S.D.Tex. 1987) ("mere existence of an intercompany claim does not in and of itself constitute an impermissible conflict of interest that would justify disqualification or denial of compensation").

(b) Mr. Fletcher as debtor's pre-petition advisor

Mr. Fletcher worked as a ranch consultant for Double U prior to Double U filing

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

4

bankruptcy. See paragraph 7 of the Declaration of Wade West, filed herewith.

11 USC 327 (b) provides:

> If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

Mr. Fletcher's employment falls within the spirit if not the letter of this statute. That he was not on salary should not prevent this statute from accomplishing its intended purpose, being to allow a Debtor to continue to use his essential advisers after filing chapter 12.

Second Issue

11 USC, 327 requires approval of the court for professional persons the trustee may hire to assist him in carrying out his duties. The trustee apparently has ample power to hire non-professionals without court approval. A bankruptcy trustee, for example, can hire an engineer without having his approved under 11 USC 327. See *In the Matter of Seatrain Lines,* Inc., 13 BR 980, 981 (Bankr.S.D.N.Y, 1981):

> "The primary issue in this case is whether a court order is at all necessary for the retention by Seatrain of maritime engineers."

The Court held that they were not professionals within the meaning of section 327 as they were not intimately involved in the administration of the debtor's estate.

Similarly, here, Mr. Fletcher's services are not intimately involved in the administration of the debtor's estate. His job, figuring out how to improve Debtor's profit potential, would be the same whether the Debtor were in or out of bankruptcy. In fact, his consulting began prior to the decision to put the Debtor into bankruptcy.

Mr. Fletcher does not play "a central and intimate role in the reorganization of the debtor's estate." *In re United Color Press, Inc.*, 129 B.R. 143 (Bankr.S.D.Ohio 1991). He is

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503
T (775) 322-8000
F (775) 322-1228

telling the Debtor how to ranch, not how to administer this estate.

In conclusion, it is the duty of the Debtor to maximize the value of this estate and Mr. Fletcher, whether employed as a professional under section 327 or not, is needed for that purpose. Bankruptcy has three purposes: Protect the creditors from the Debtor; protect the creditors from each other; and protect the Debtor from the creditors. The Paris Objectors have not yet filed a claim, nor need they, as they are massively secured and certain to be paid in full. They do not need this court's protection. It is the Debtor that needs the protection. It is respectfully requested that the Opposition be disallowed.

Dated this 12th day of October, 2011.

WHITE LAW CHARTERED

By: John White, Esq.

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503
T (775) 322-8000
F (775) 322-1228

6

## INDEX OF EXHIBITS

Exhibit A    (Exhibit A to the Plan of Reorganization in West (Sweetwater)    12 pages

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228