1  MCDONALD CARANO WILSON LLP          *Electronically filed on October 19, 2011*
   KAARAN E. THOMAS (NV Bar No. 7193)
2  LEO P. BERGIN (NV Bar No. 1561)
   100 West Liberty Street, 10th Floor
3  Reno, NV 89505-1670
   Telephone:  (775) 788-2000
4  Facsimile:  (775) 788-2020
   Email: kthomas@mcdonaldcarano.com
5
   *Attorneys for Peter and Rama Paris Family Trust*
6
                     **UNITED STATES BANKRUPTCY COURT**
7
                            **DISTRICT OF NEVADA**
8
   In re                                │ Case No. BK-N-11-52345-BTB
9                                        │
   DOUBLE U LIVESTOCK, LLC               │ Chapter 12
10                                       │
                            Debtor.      │ **PETER AND RAMA PARIS FAMILY**
11                                       │ **TRUST RESPONSE TO DEBTOR'S**
                                         │ **REPLY IN SUPPORT OF**
12                                       │ **APPLICATION TO EMPLOY ROBERT**
                                         │ **FLETCHER [Docket No. 39]**
13                                       │
                                         │
14                                       │ Hearing Date:   October 26, 2011
                                         │
15                                       │ Hearing Time:  10:00 a.m.
16
17 TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

18         The PETER AND RAMA PARIS FAMILY TRUST (THE "TRUST"), by and through

19 their attorneys of record, KAARAN E. THOMAS and LEO P. BERGIN, of the law firm of

20 McDONALD CARANO WILSON, LLP file this Response to the Reply In Support of Debtor's

21 Application to Employ Robert R. Fletcher ("Fletcher") as Chapter 12 Plan Consultant (the

22 "Reply") and for cause would show:

23                           **BACKGROUND INFORMATION**

24         1.      The Trust, a secured creditor of the Debtor, has objected to Debtor's Application

25 to Employ Fletcher because Fletcher has a conflict of interest arising from his previous

26 representation of Debtors' principals, James and Carlene West ("West") and their ranch (the

27 "Sweetwater Ranch").  The Trust urges that this previous representation creates an actual conflict

28

322413                                                                      1 of 3

1  of interest because Debtor is involved in various business arrangements with the Sweetwater
2  Ranch which Fletcher cannot evaluate objectively due to his employment by, and connection
3  with, the Wests.

4      2.   Debtor has now filed a reply which reaffirms the Trust's concerns and
5  demonstrates Fletcher's adverse interest. On page 2 of the Reply (lines 4-16) Debtor's principal
6  concludes that "both ranches [Debtor and Sweetwater] must operate in order for either to
7  survive").  In other words, the survival of Fletcher's original clients, West and Sweetwater,
8  depends upon a recommendation from Fletcher's that his new client, the  Debtor (a)must survive
9  and (b) must continue its "joint venture relationship" with his original client.  His original client
10  has not yet paid his fee.

11      3.   The explicit language of 11 U.S.C. § 327(a) imposes two conditions on the
12  employment of a "professional person" by the estate: (1) the professional may not hold or
13  represent an interest adverse to the estate; and (2) the professional must be disinterested. In re
14  Eagle–Picher Industries, Inc., 999 F.2d 969, 971 (6th Cir.1993). A professional who, at any time,
15  fails to meet these requirements is subject to having both compensation for services and
16  reimbursement of expenses denied pursuant to 11 U.S.C. § 328(c). Mr. Fletcher has not indicated
17  he is willing to serve without compensation. Even if he were, his employment would be more
18  suspect, based upon the likelihood that he was being compensated by his original clients.

19      4.   The Reply contains other disconcerting information. It says that Mr. Fletcher was
20  working as a "ranch consultant" for the Debtor "prior to Double U filing bankruptcy."[Reply page
21  4 line 27-page 5 line 1].  Mr. Fletcher's declaration filed in the West Chapter 12 case [Case no.
22  10-54234 Doc. no. 59] states under oath that Mr. Fletcher represents no interest adverse to the
23  Debtors or their estate.  Mr. Fletcher did not disclose his employment by Double U, an affiliate of
24  the Debtor. His representation should clearly have been disclosed, given that he prepared the
25  report in support of the West's Second Amended Plan, recommending the economic feasibility of
26  the financial arrangements between Double U and West. [Case no. 10-54234 Doc. no. 82-1].

27      5.   Debtor argues that Mr. Fletcher should not be disqualified because he is "not a
28  creditor".  This is not the test.   Debtor urges that Mr. Fletcher does not have a "materially

1   adverse interest" to the estate, analogizing this case to the BH&P, Inc. case[1].  BH&P involved

2   hiring the same professional in related cases that were jointly administered.  Debtor's case is not

3   jointly administered with the West Chapter 12.  The estate is entitled to an independent analysis

4   of Double U's business and its prospects.  That is the job of a professional person.

5       6.      An "adverse interest" as used in § 330(a), has been defined as: (1) to possess or

6   assert any economic interest that would tend to lessen the value of the bankruptcy estate or that

7   would create either an actual or potential dispute in which the estate is a rival claimant, or (2) to

8   possess a predisposition under circumstances that render such a bias against the estate. Kravit,

9   Gass & Weber, S.C. v. Michel ( In re Crivello), 134 F.3d 831, 835 (7th Cir.1998). The

10  conclusions on page 2 of the Reply, stated above, could hardly be a more clear indication of a

11  predisposition on the part of Mr. Fletcher.

12      7.      Finally, Debtor argues that Mr. Fletcher is not a "professional person".  It is

13  difficult to imagine how this could be the case, since it is his report that provides the support for

14  Debtor's plan of reorganization.  According to his employment application, Mr. Fletcher will be

15  "proposing plan terms and assisting parties in reaching agreement concerning the terms of

16  Debtor's plan of reorganization."   Mr. Fletcher should not be in charge of proposing or

17  negotiating plan terms in light of his affiliation with the Wests.

18      Wherefore, the PETER AND RAMA PARIS FAMILY TRUST pray that Debtor's

19  Application be denied.

20  Dated:  October 19, 2011

                                        Respectfully submitted,
                                        McDONALD CARANO WILSON LLP

                                        By   /s/  Kaaran E. Thomas
                                            Kaaran E. Thomas
                                            Nevada Bar No. 7193
                                            100 West Liberty Street, 10th Floor
                                            Reno, NV 89505-1670
                                            Telephone:  (775) 788-2000
                                        *Attorneys for Peter and Rama Paris Family Trust*

[1] In re BH&P Inc., 949 F.2d 1315 93rd Cir. 1991). Holding that the  existence of interdebtor claims in jointly administered estates did not mandate disqualification of trustee in every instance. The Court recommended a case by case analysis to determine the existence and extent of  actual conflicts.