LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation
AMY N. TIRRE, ESQ.  #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

Counsel for Tri-State Livestock Credit Corporation

E-Filed:   November 4, 2011

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DOUBLE U LIVESTOCK, LLC,<br><br>Debtor. | Case No. BK-N-11-52345<br><br>Chapter 12<br><br>**OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY WHITE LAW CHARTERED, JOHN WHITE, ESQ., AS COUNSEL FOR DEBTOR, NUNC PRO TUNC TO JULY 21, 2011**<br>**[Docket No. 43]**<br><br>Hearing Date:   December 7, 2011<br>Hearing Time:   10:00 a.m.<br>Est. Hearing Time:   10 minutes |

Secured Creditor Tri-State Livestock Credit Corporation, a California corporation ("Tri-State"), by and through its undersigned counsel, hereby files its objection to *Debtor Double U Livestock, LLC's Application to Employ White Law Chartered, John White, Esq., as Counsel for Debtor, Nunc Pro Tunc to July 21, 2011*, Docket No. 43, filed on October 14, 2011.  The Objection is supported by the concurrently-filed Declaration of Amy N. Tirre, Esq., the pleadings and papers on file herein and the arguments of counsel at a hearing on this matter, and the following:

Tri-State is a secured creditor of Debtor Double U Livestock, LLC and it is owed approximately $1,960,169 as of the Debtor's petition date of July 21, 2011.  Debtor Double U Livestock, LLC is not the only obligor under Tri-State's loan; in fact the promissory note in favor of Tri-State was executed by executed by James A. West, Carleen J. West, Clayton J. West, Mary

-1-

West, Wade S. West and Molly West, in their capacities as members of the Debtor as well as individually.

James A. West and his wife Carleen J. West dba Sweetwater Ranch are debtors in a separate Chapter 12 case pending before this court: Case No. BK-N-10-54234-GWZ. John White, Esq. of White Law Chartered ("Mr. White") is counsel of record for James A. West and his wife Carleen J. West dba Sweetwater Ranch ("the Wests") in the Wests' bankruptcy case. According to Mr. White's declaration in support of his employment application, he acknowledges that he represents the Wests and that he is a creditor in the Wests' bankruptcy case based upon the fee application that he expects to file. Docket No. 44 at ¶4.

The Wests are creditors of the Double U bankruptcy estate. According to the Wests' Amended Chapter 12 Plan, Debtor has an option to purchase between 350 and 400 tons of hay from the Wests. Docket No. 82 at 5 in Case No. 10-54234. In addition, Debtor pays rent to the Wests for use of a lambing shed and permits the Wests to use Debtor's hay equipment.

Mr. White forwarded two "Budgets" to undersigned counsel on August 20, 2011 and October 9, 2011, respectively. See Exhibits 1 and 2 to Tirre Declaration. Pursuant to the October 9, 2011 Budget, Debtor owes a total of $95,550 to the Wests for purchases of hay, use of the lambing sheds and grazing of Debtor's sheep, specifically Debtor owes $77,000 for hay purchases, $10,000 for lambing shed usage, and $8,550 for grazing. See Exhibit 2 to Tirre Declaration.

In an e-mail dated October 11, 2011, Mr. White confirmed that the debts owed by Debtor to the Wests for hay and use of the lambing sheds were pre-petition debts, but that the grazing debt was a post-petition debt. See Exhibit 3 to Tirre Declaration. Nevertheless, the pre-petition debts total $87,000. These debts are NOT disclosed on Debtor's Schedule F. See Docket No. 19 in Case No. 11-52345. Disclosure of this debt owed to the Wests would render Debtor ineligible for

-2-

Chapter 12 relief because it would put Debtor over the debt-limit of $3,792,650. 11 U.S.C. §101(18)(B).

Section 327(a) provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

For purposes of § 327(a), a "disinterested person" is statutorily defined, in part, as a "person that does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason." 11 U.S.C. § 101(14)(E). An "adverse interest" as used in § 330(a), has been defined as (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such a bias against the estate. Kravit, Gass & Weber, S.C. v. Michel ( In re Crivello), 134 F.3d 831, 835 (7th Cir.1998). A professional who represents a debtor owes allegiance to the debtor, and not to its stockholders, officers or directors. Hansen, Jones & Leta, P.C. v. Segal, 220 B.R. 434, 469 (D.Utah 1998).

In this case, Mr. White represents two of Debtor's principals, the Wests, in their own bankruptcy case. The Wests are creditors of the Debtor. Section 327(a) requires that a professional employed by the estate not represent an interest adverse to the estate. However, Mr. White represents creditors of Debtor's estate in another bankruptcy case. In his declaration, Mr. White acknowledges that he represents the Wests, which disqualifies him from employment under Section 327(a). Moreover, Tri-State finds it exceptionally problematic that Debtor conveniently omitted the $77,000 owed to the Wests from its Schedule F but acknowledges this pre-petition

-3-

debt in its Budgets when the disclosure of that debt would render Debtor ineligible for Chapter 12 relief. Accordingly, Tri-State objects and Mr. White's employment application should be denied.

LAW OFFICES OF AMY N. TIRRE, APC

By: /s/ Amy N. Tirre_____
AMY N. TIRRE, ESQ.

Counsel for Tri-State Livestock Credit Corporation

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

**CERTIFICATE OF SERVICE**

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Law Offices of Amy N. Tirre, that I am over the age of 18 and not a party to the above-referenced case, and that on November 4, 2011 I filed and served the **OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY WHITE LAW CHARTERED, JOHN WHITE, ESQ., AS COUNSEL FOR DEBTOR, NUNC PRO TUNC TO JULY 21, 2011 [Docket No. 43]** as indicated:

__x__    **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

- M NELSON ENMARK    nenmark.trustee@gmail.com
- MICHAEL LEHNERS    michaellehners@yahoo.com
- KAARAN E. THOMAS    kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com
- JOHN WHITE    bankruptcy@whitelawchartered.com, john@whitelawchartered.com;jen@whitelawchartered.com

_____    **BY HAND DELIVERY VIA COURIER**: by causing hand delivery of the Document listed above via Reno Carson Messenger Service to the persons at the addresses set forth below.

_____    **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on 4 November 2011, with postage thereon fully prepaid in the ordinary course of business.

DATED this November 4, 2011.

                                                            /s/ Andrea Black
                                          An Employee of Law Offices of Amy N. Tirre

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com