LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation
AMY N. TIRRE, ESQ. #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

E-Filed: November 9, 2011

Counsel for Tri-State Livestock Credit Corporation

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DOUBLE U LIVESTOCK, LLC,<br><br>Debtor. | Case No. BK-N-11-52345<br><br>Chapter 12<br><br>**TRI-STATE CREDIT CORPORATION'S MOTION TO CONVERT OR DISMISS CHAPTER 12 CASE DUE TO INELIGIBILITY UNDER 11 U.S.C. 101(18)(B)**<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested<br>Est. Hearing Time: |

Secured Creditor Tri-State Livestock Credit Corporation, a California corporation ("Tri-State"), by and through its undersigned counsel, hereby files it Motion to Convert or Dismiss Chapter 12 Case Due to Ineligibility under 11 U.S.C. §101(18)(B) on the grounds that Debtor Double U Livestock, LLC's debts exceed the debt limit of $3,792,650 set forth in 11 U.S.C. §101(18)(B). This Objection is supported by the following Memorandum of Points and Authorities, the concurrently-filed Declaration of Amy N. Tirre (the "Tirre Declaration"), all pleadings and papers of record, and any oral arguments of counsel at the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **DEBTOR IS INELIGIBLE FOR CHAPTER 12 RELIEF BECAUSE THE TOTAL AMOUNT OF ITS DEBT EXCEEDS THE DEBT LIMIT OF $3,792,650**

In order to be eligible for Chapter 12 relief, Debtor, which is an entity, must not have

-1-

aggregate debts that exceed the amount of $3,792,650.  11 U.S.C. §109(f); §101(18)(B).  Section 109(f) provides that "[o]nly a family farmer or family fisherman with regular annual income may be a debtor under Chapter 12 of this title."  Debtor is a farmer because it derives more than 80% of its income from a "farming operation," which includes the raising of crops or livestock.  11 U.S.C. §§101(20),(21).  Section 101(18)(B) defines "family farmer" as:

> **(18)** The term "family farmer" means—
> . . .
> **(B)** corporation or partnership in which more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family, and such family or such relatives conduct the farming operation, and
>     **(i)** more than 80 percent of the value of its assets consists of assets related to the farming operation;
>     **(ii)** <u>its aggregate debts do not exceed $3,792,650</u> and not less than 50 percent of its aggregate noncontingent, liquidated debts (excluding a debt for one dwelling which is owned by such corporation or partnership and which a shareholder or partner maintains as a principal residence, unless such debt arises out of a farming operation), on the date the case is filed, arise out of the farming operation owned or operated by such corporation or such partnership; and
>     **(iii)** if such corporation issues stock, such stock is not publicly traded.

11 U.S.C. §101(18)(B) (emphasis added).  This statute makes clear that a Chapter 12 debtor's aggregate debts may not exceed $3,792,650.

Here, Debtor's aggregate debts total in excess of $3,792,650 by Debtor's own admission and the claims identified in the claims register.  Debtor's Plan identifies: $925,842 as the amount of the Class 1(a) claim ("Paris Family Trust"), $1,960,169 as the amount of the Class 1(b) claim (Tri-State's claim), $18,718 as the amount of the Class 1(c) claim, $11,821 as the amount of the Class 1(d) claim and $12,000 as the amount of the Class 1(e) claim and $120,000 as the amount of the Class 1(f) claim for a total of $3,048,550 in secured claims.  See Docket No. 68-2 at 6 of 26 and Docket No. 68-1 at 6 of 9.  Debtor's Schedule F identifies an unsecured debt owed to Mary West in the amount of $820,000 and the claims register shows that Mary West filed an unsecured

**LAW OFFICES OF AMY N. TIRRE**
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

proof of claim in the amount of $820,000, which is Claim #5, filed on October 17, 2011. A copy of this proof of claim is attached to the Tirre Declaration as Exhibit 5. See Docket No. 19 at p.15. This brings the total to $3,868,550, which exceeds the debt limit of $3,792,650 under 11 U.S.C. §101(18)(B). Accordingly, Debtor is ineligible for Chapter 12 relief and its Chapter 12 Plan cannot be confirmed.

Further, as detailed in the Tirre Declaration attached hereto, the above-referenced claims do not include a $77,000 unsecured claim due to James A. West and Carleen West dba Sweetwater Ranch. Tirre Declaration at ¶5.

Further, it is undersigned counsel's understanding that the amount of the Paris Family Trust's claim through the petition date of July 21, 2011 is $945,323.36. Tirre Declaration at ¶6. Thus, the total debt including the Wests' claim and the correct amount of the Paris Family Trust claim is $3,965,031.60, which also exceeds the debt limit of $3,792,650.

## CONCLUSION

Debtor's Chapter 12 case should either be converted to Chapter 7 (preferably) or 11 or dismissed because Debtor is ineligible for relief under Chapter 12 because its debts exceed the debt limit of $3,792,650 as required by 11 U.S.C. §101(18)(B).

LAW OFFICES OF AMY N. TIRRE, APC

By: /s/ Amy N. Tirre_____
AMY N. TIRRE, ESQ.

Counsel for Tri-State Livestock Credit Corporation

-3-

**CERTIFICATE OF SERVICE**

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Law Offices of Amy N. Tirre, that I am over the age of 18 and not a party to the above-referenced case, and that on November 9, 2011 I filed the **TRI-STATE CREDIT CORPORATION'S MOTION TO CONVERT OR DISMISS CHAPTER 12 CASE DUE TO INELIGIBILITY UNDER 11 U.S.C. 101(18)(B)** as indicated:

__x__  **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

- M NELSON ENMARK    nenmark.trustee@gmail.com
- MICHAEL LEHNERS    michaellehners@yahoo.com
- KAARAN E. THOMAS    kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com
- JOHN WHITE    bankruptcy@whitelawchartered.com, john@whitelawchartered.com;jen@whitelawchartered.com
- CHRISTOPHER D JAIME    cjaime@mclreno.com, kbernhardt@mclrenolaw.com

_____  **BY HAND DELIVERY VIA COURIER**: by causing hand delivery of the Document listed above via Reno Carson Messenger Service to the persons at the addresses set forth below.

_____  **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on 9 November 2011, with postage thereon fully prepaid in the ordinary course of business.

DATED this November 9, 2011.

/s/ Andrea Black
An Employee of Law Offices of Amy N. Tirre

**LAW OFFICES OF AMY N. TIRRE**
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com