John White, Esq.
White Law Chartered
335 West First Street
Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com
Proposed Counsel for the Debtor

E-filed on November 14, 2011

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

DOUBLE U LIVESTOCK, LLC.

Debtor.
_____/

CASE NO.: BK-N-11-52345-BTB

Chapter 12

CHAPTER 12 PLAN #2, VALUATION MOTION and MOTION TO CONFIRM

Hearing Date: November 21, 2011
Hearing Time: 10:30 a.m.
Estimated Time: 1 hour

## CHAPTER 12 PLAN

DOUBLE U LIVESTOCK, LLC ("Debtor") submits the following Chapter 12 Plan #2, pursuant to section 1221 of the Bankruptcy Code. This Chapter 12 Plan ("Plan") consists of the below Plan, as well as the November 1, 2011 Economic and Feasibility Plan Study ("Feasibility Exhibit"), attached as Exhibit A hereto, which, as set forth below, is incorporated into the Plan to the degree not inconsistent herewith[1].

1. This Plan shall be for a period of five (5) years from the first payment made hereunder, being the Plan period.

---

[1] Debtor's Chapter 12 Plan #2 (including Exhibit A) are identical to the Chapter 12 Plan attached as Exhibit A to Debtor's November 2, 2011 Notice of First Modification to Chapter 12 Plan #1, except as set forth on Exhibit B hereto.

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

1

2. Debtor shall, during the period of this Plan, submit all or such portion of its future earnings or other future income to the supervision and control of the Chapter 12 Trustee ("Trustee") as is necessary for the execution of the Plan, excepting, as set forth below, payments due the Class 1(a) creditor, which will be paid by Debtor directly. Wade West will receive a salary of $1,500 per month (See Feasibility Exhibit, Table B2 ).

3. All claims entitled to priority under Section 507 of the Bankruptcy Code ("Section 507"), shall be paid in full, in deferred cash payments, unless—

    A. the claim is a claim owed to a governmental unit that arises as a result of the sale, transfer, exchange, or other disposition of any farm asset used in the debtor's farming operation, in which case, the claim shall be treated as an unsecured claim that is not entitled to priority under Section 507, but the debt shall be treated in such manner only if the debtor receives a discharge; or

    B. the holder of a particular claim agrees to a different treatment of that claim.

4. Claims shall be divided into five secured classes, one unsecured class and one class of interests. Each secured claim is in its own class. Each claim or interest within a particular class shall be treated the same unless the holder of a particular claim or interest agrees to less favorable treatment. Plan classes are as follows:

    A. Secured.

        i. Peter and Rama Paris Family Trust is Class 1(a).

        ii. Tri-State Livestock Credit Corporation is Class 1(b)

        iii. AGCO Finance, LLC's claim 3-1 is Class 1(c)

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

        iv. AGCO Finance, LLC's claim 4-1 is Class 1(d)

        v. Bank of Eastern Oregon is (Class 1(e)

    B. General Unsecured Claims.

    C. Interests

5. Claims entitled to priority under Section 507 shall not be classified but shall be paid in full over the life of the Plan.

6. Treatment of Claims:

    **A.    Secured Claims.**

**Class 1(a).**

PETER AND RAMA PARIS FAMILY TRUST (the "Trust") is unimpaired by this Plan. The Trust shall have an allowed secured claim in the amount of the outstanding balance of the Trust's March 6, 2004 promissory note as of the Effective Date (estimated to be $925.842.00 plus six percent interest from March 31, 2011). The Trust shall retain its existing security and priority. Debtor shall continue to make annual payments to Evergreen Note Servicing, in payment of this loan, in the contract amount, at contract interest, on the contract date and according to contract terms. Any default that may exist shall be deemed to have been cured on the Effective Date.

**Class 1(b).**

TRI-STATE LIVESTOCK CREDIT CORPORATION ("Tri-State") shall have an allowed secured claim ("Allowed Secured Claim") in the amount of the outstanding balance of its February 26, 2007 promissory note as of the Effective Date. (The principal amount of this loan was $1,518.363.00 and the outstanding balance is approximately $1,960,169.00). Tri-State is impaired by this Plan. Tri-State shall retain its existing security and priority.

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

Tri-State shall receive, on the Effective Date, a new promissory note in the amount of its allowed secured claim, bearing simple interest at the rate of five and a quarter percent (5.25%) per annum, payable annually on December 30, beginning December 30, 2014. See Table C4 to Feasibility Exhibit ($30,488 in 2014, $70,372 in 2015, $164,355 in 2016 and beyond). Debtor's said Tri-State note shall provide that it shall be paid in full on or before December 30, 2019.

Except as otherwise modified by this Chapter 12 Plan, all terms and conditions of Tri-State's note and Deeds of Trust shall remain in full force and effect, <u>provided further,</u> that if any annual payment is not received by Tri-State on or before the due date, or if the note is not paid in full on or before December 30, 2019, or if Debtor defaults on its annual payment to the Trust, Tri-State shall be entitled to immediate relief from the stay ten (10) days after serving on Debtor's counsel, John White, Esq., or such other counsel as Debtor may have designated in writing, a written notice of default which shall be filed with the Bankruptcy Court with a request that the Court enter an order on the expiration of the notice period terminating and lifting the automatic stay of 11 USC 362(a) with respect to the collateral securing Tri-State's loan to the Debtor, and permitting Tri-State, its subsidiaries, affiliates, agents, representatives and/or employees to: (i) proceed with the non-judicial foreclosure proceeding with respect to the real property collateral securing its loan, (ii) to enforce its rights with respect to the collateral securing its loan pursuant to the terms and conditions of the documents evidencing the loan, and applicable non-bankruptcy law; and (iii) exercise any and all state law and contractual remedies with regard to the collateral securing its loan.

**Class 1(c).** AGCO FINANCE LLC (secured by Debtor's Challenger SB44B Baler). The Class 1(c) creditor's claim 3-1, on file herein, is allowed, to wit: AGCO shall have an allowed secured claim of $11,820.58, plus interest at 7.49 percent per annum, secured by Debtor's baler. AGCO shall retain its security and priority. Debtor shall make payments to AGCO of $236.80

4

per month beginning January 1, 2012 and continuing throughout the term of the Plan. Except as modified herein, all terms of Debtor's contract with AGCO shall remain in full force and effect. When the contract price has been paid in full, the creditor shall release its lien on Debtor's Baler.

**Class 1(d).** AGCO FINANCE LLC (secured by Debtor's Challenger MT525B Tractor and Challenger ML 97B Loader). The Class 1(d) creditor's claim, 4-1, on file herein, is allowed, to wit: AGCO shall have an allowed secured claim of $18,718.20, plus interest at 5.9% per annum, secured by Debtor's tractor and loader. AGCO shall retain its security and priority. Debtor shall make monthly payments to AGCO of $360.99 per month throughout the term of the Plan, beginning January 1, 2012. Except as modified herein, all terms of Debtor's contract with AGCO shall remain in full force and effect. When the contract price has been paid in full, the creditor shall release its lien on Debtor's tractor and loader.

**Class 1(e).** BANK OF EASTERN OREGON (secured by property owned by Wade West). Bank of Eastern Oregon's approximate $120,000 claim is not secured by property of the estate and is unimpaired[1].

**B.    General Unsecured Secured Claims.**

**Class 2.**

Allowed General Unsecured Claims shall be paid on or before December 31 of each year of the Plan a sum equal to of all of Debtor's disposable earnings, as determined by the Trustee, remaining after: 1) Plan payments on all secured claims, 2) Trustee's fees, 3) allowed administrative expenses and necessary post-petition operating expenses (See Feasibility Exhibit). Without limitation, Class 2 claims will receive no payments during the first four years of the Plan. In the fifth year, Debtor shall pay Class 2 claimants at least $50,000 or such amount as will pay them in full, whichever is less. Sums paid to the Trustee on behalf of this Class shall be distributed by the Trustee pro-rata among all allowed Class 2 claims.

---

[1] Reference to the Feasibility Exhibit shows that Debtor does not intend to pay this claim.

### C. Interests.

### Class 3.

The equity interest of Debtor is not impaired by the Plan.

7. All monetary defaults have been considered in the Plan. All such defaults shall be deemed cured on confirmation of the Plan.

8. Excepting Debtor's joint venture with the Sweetwater ranch as to its sheep operation, as detailed in the Feasibility Exhibit, and amended Schedule G, which joint venture rights and obligations are assumed in toto, excepting Debtor's lease of the swather from Neff Equipment, which is assumed, and excepting all cattle leases, which are assumed, all executory contracts not specifically dealt with by this Plan are hereby rejected.

9. All property of the estate shall vest in the Debtor on confirmation of the Plan.

10. Confirmation of this Plan shall constitute a finding that cause exists to extend Plan payments over a period in excess of three years.

11. Allowed administrative expenses, including statutory Trustee fees, shall be paid in full over the 5 year life of the Plan, <u>provided however</u> that the Trustee shall not receive statutory fees on monies paid to the Trust.

12. DIP Account and Monthly Reports. Debtor shall maintain a trust account at Nevada Bank and Trust, Ely, NV and shall prepare and file a Debtor-In-Possession Monthly Operating Report using a form approved by Tri-State or the Trustee. The reports shall be filed herein on or before the 15th of each month starting with the month of September, 2011, and continuing thereafter until the end of the Plan term.

WHITE LAW CHARTERED
LAWYERS
5TH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

(775) 322-8000
(775) 322-1228

13. FAILURE OF CREDITOR(S) TO FILE A TIMELY WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.

14. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

15. This Plan may be altered post confirmation in a non-material manner by court order after notice to the debtor, the Trustee, any creditor, whose claim is the subject of the modification, and any interested party who has requested special notice. The Plan may also be modified post-confirmation as provided in 11 USC Sec. 1229.

16. Post-petition interest on all unsecured claims is disallowed.

17. Debtor's Feasibility Exhibit, incorporated herein, was prepared by Robert R. Fletcher, Ph.D, Debtor's proposed Plan consultant. To the extent of any difference between the Feasibility Exhibit and this Plan, the Plan shall control.

18. If confirmed, the Effective Date of this Plan shall be the 11th day following entry of an Order of confirmation, unless there be a timely appeal, in which event the Effective Date shall be the 11th day following the day when the entry of an Order affirming the confirmation of this Plan becomes final and non-appealable.

19. Unless objected to at or before the first date set for the confirmation hearing of this Plan, the value of the Debtor's ranch shall be fixed at $4.800,000.00, being the fair market value determined by Hardung-Ivey and Associates, LLC's January 26, 2011 updated appraisal, and the fair market value of Debtor's other assets which are subject to the claim(s) of a creditor with an allowed secured claim shall be fixed as follows for purposes of administration of this Plan:

| Item | Fair Market Value |
|---|---|
| Real Property (Trust and Tri-State): | $4,800,000.00 |
| Sheep, horses, growing hay, farm equipment, growing pasture, hay, etc. (Tri-State) | $700,000.00 |
| Challenger SB44B Baler: (AGCO) | $15,583.00 |
| Challenger MT525B Tractor & ML 97B Loader: (AGCO) | $42,725.00 |
| Swather: (Neff) | $16,000.00 |

## VALUATION MOTION

19. The debtor moves this honorable Court for an order fixing the fair market value of the collateral, for purposes of confirmation and administration of this Plan, at the dollar amounts provided in paragraph 18, above.

WHEREFORE DEBTOR PRAYS:

1. That the Plan be confirmed;

2. That its property be valued as provided herein; and

3. For such other and further relief as is proper.

Dated November 14, 2011.                     Double U Livestock, LLC

                                             by See attached signature page
                                             Jim West, managing member

Submitted by:

WHITE LAW CHARTERED

By: _____
    John White, Esq.
    Proposed Counsel for the Debtor

WHITE LAW CHARTERED
LAWYERS
9TH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

8

| Item | Fair Market Value |
|---|---:|
| Real Property (Trust and Tri-State): | $4,800,000.00 |
| Sheep, horses, growing hay, farm equipment, growing pasture, hay, etc. (Tri-State) | $700,000.00 |
| Challenger SB44B Baler: (AGCO) | $15,583.00 |
| Challenger MT525B Tractor & ML 97B Loader: (AGCO) | $42,725.00 |
| Swather: (Neff) | $16,000.00 |

## VALUATION MOTION

19. The debtor moves this honorable Court for an order fixing the fair market value of the collateral, for purposes of confirmation and administration of this Plan, at the dollar amounts provided in paragraph 18, above.

WHEREFORE DEBTOR PRAYS:

1. That the Plan be confirmed;

2. That its property be valued as provided herein; and

3. For such other and further relief as is proper.

Dated November 14, 2011.                    Double U Livestock, LLC

                                            by /s/ Jim West
                                            Jim West, managing member

Submitted by:

WHITE LAW CHARTERED

By: _____
    John White, Esq.
    Proposed Counsel for the Debtor

8

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

## CERTIFICATE OF SERVICE

I hereby certify that on Nov. 14, 2011, I served the foregoing document entitled CHAPTER 12 PLAN #2, VALUATION MOTION and MOTION TO CONFIRM, in the following manner:

☑ a.  Via the Court's ECF System on November 14, 2011 to:

> M. NELSON ENMARK
> nenmark.trustee@gmail.com
> Michael Lehners on behalf of Creditor MARY WEST
> micheallehners@yahoo.com
> KAARAN E. THOMAS on behalf of PETER AND RAMA PARIS FAMILY TRUST
> kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com
> AMY N. TIRRE on behalf of Creditor Tri-State Livestock Credit Corp
> amy@amytirrelaw.com, admin@amytirrelaw.com
> CHRISTOPHER JAIME on behalf of the Bank of Eastern Oregon at
> cjaime@melrenolaw.com
> JOHN WHITE on behalf of debtor DOUBLE U LIVESTOCK, LLC
> bankruptcy@whitelawchartered.com.; john@whitelawchartered.com;

☑ b.  By depositing for mailing a copy of the foregoing document on Nov. 14, 2011, by First Class U.S. Mail, deposited at the U.S. Post Office to all parties-in-interest as described in the attached mailing matrix.

The undersigned further affirms that the foregoing is true and correct to the best of my knowledge and that preceding document does not contain the Social Security number of any person.

Dated: November 14, 2011.

_____
Mary A. Hernandez, Employee
White Law Chartered

9

```
Label Matrix for local noticing      Bank of Eastern Oregon            DOUBLE U LIVESTOCK, LLC
0978-3                               c/o Christopher D. Jaime, Esq.    HC33 BOX 336600
Case 11-52345-btb                    Maupin, Cox & LeGoy               CHERRY CREEK BENCH ROAD
District of Nevada                   P.O. Box 30000                    ELY, NV 89301
Reno                                 Reno, NV 89520-3000
Mon Nov 14 16:23:36 PST 2011

PETER AND RAMA PARIS FAMILY TRUST    TRI- STATE LIVESTOCK CREDIT CORPORATION    United States Bankruptcy Court
MCDONALD CARANO WILSON, LLP          c/o LAW OFFICES OF AMY N. TIRRE, APC       300 Booth Street
C/O KAARAN E. THOMAS                 3715 LAKESIDE DRIVE                        Reno, NV 89509-1360
P.O. BOX 2670                        SUITE A
RENO, NV 89505-2670                  RENO, NV 89509-5349

AGCO FINANCE                         BANK OF AMERICA                   BANK OF AMERICA
P.O. BOX 2000                        4060 OGLETOWN-STANTON RD          4161 PIEDMONT PKWY
JOHNSTON, IA 50131-0020              NEWARK, DE 19713                  GREENSBORO, NC 27410-8119

Bank of Eastern Oregon               Bank of Eastern Oregon            CAPITAL ONE (USA) N.A.
P.O. Box 39                          c/o Christopher D. Jaime, Esq.    ATTN:AMERICAN INFOSOURCE LP, AS AGENT
Heppner, OR 97836-0039               Maupin, Cox & LeGoy               P.O. BOX 71083
                                     P.O. Box 30,000                   CHARLOTTE, NC 28272-1083
                                     Reno, NV 89520-3000

CHAPTER 12 TRUSTEE                   CHASE                             Capital One Bank (USA), N.A.
M. NELSON ENMARK                     P.O. BOX 15298                    by American InfoSource LP as agent
3855 NORTH WEST AVE., STE. 108       WILMINGTON, DE 19850-5298         PO Box 71083
FRESNO, CA 93705-2759                                                  Charlotte, NC  28272-1083

DEPT. OF EMPLOYMENT, TRAINING & REHAB    EVERGREEN NOTE SERVICING      INTERNAL REVENUE SERVICE
EMPLOYMENT SECURITY DIVISION             295 HOLCOMB AVE., STE. 3      P.O. BOX 7346
500 EAST THIRD STREET                    RENO, NV 89502-1085           PHILADELPHIA, PA 19101-7346
CARSON CITY, NV 89713-0002

JAMES A WEST                         Kaaran E. Thomas, Esq.            LAW OFFICES OF AMY N. TIRRE, APC
MANAGER, DOUBLE U LIVESTOCK LLC      McDonald Carano Wilson, LLP       AMY N. TIRRE, ESQ.
HC33 BOX 336600                      P.O. Box 2670                     3715 Lakeside Drive
ELY, NV 89301                        Reno, Nevada 89505-2670           Reno, NV 89509-5276

Leo P. Bergin, Esq.                  Mary West                         Michael Lehners, Esq.
McDonald Carano Wilson, LLP          P. O. Box 1988                    429 Marsh Avenue
P.O. Box 2670                        Pendleton, OR 97801-0989          Reno, NV 89509-1516
Reno, Nevada 89505-2670

NEVADA DEPARTMENT OF TAXATION        OVERLAND AND LIVESTOCK, INC.      PETE PARIS
BANKRUPTCY SECTION                   ATTN: KRISTON N. WHITESIDE, ESQ.  HC30 BOX 320
4600 KIETZKE LN, STE. L-235          CAVANAUGH-BILL LAW OFFICES        SPRING CREEK, NV 89815-9705
RENO, NV 89502-5045                  401 RAILROAD ST., STE. 307
                                     ELKO, NV 89801-3758

STATE OF NEVADA, DEPT. OF MOTOR VEHICLES    TRAVIS GERBER, ESQ.        TRI-STATE LIVESTOCK CREDIT
ATTN:  LEGAL DIVISION                       491 4TH ST,                2880 SUNRISE BLVD. #224
555 WRIGHT WAY                              ELKO, NV 89801-3133        RANCHO CORDOVA, CA 95742-6102
CARSON CITY, NV 89711-0001
```

| | | |
|---|---|---|
| WELLS FARGO<br>P.O. BOX 29704<br>PHOENIX, AZ 85038-9704 | WELLS FARGO BANK<br>BANKRUPTCY DEPT.<br>3201 N. 4TH AVE.<br>SIOUX FALLS, SD 57104-0700 | WHITE PINE COUNTY TAX ASSESSOR<br>955 CAMPTON SREET<br>ELY, NV 89301-1966 |
| JOHN WHITE<br>335 W FIRST ST<br>RENO, NV 89503-5301 | M NELSON ENMARK<br>3855 N. WEST AVENUE, STE 108<br>FRESNO, CA 93705-2759 | MARY WEST<br>C/O Michael Lehners, Esq.<br>429 Marsh Avenue<br>Reno, NV 89509-1516 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)AGCO Finance LLC
PO Box 2000
Johnston, IA 50131-0020

End of Label Matrix
Mailable recipients   35
Bypassed recipients    1
Total                 36